David BURKE; Melissa Burke; Clifton Farina, Plaintiffs–Appellants,

v.

COUNTY OF ALAMEDA; Mark Foster, individually and as an employee of the County of Alameda; Kurt Von Savoye individually and as an employee of Alameda County, AKA Lou Von Savoye; Anthony Bartholomew, Defendants–Appellees.

No. 08–15658.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2009.

Filed Nov. 10, 2009.

Dennis Raymond Ingols, Law Offices of Robert R. Powell, Robert Powell, San Jose, CA, for Plaintiffs–Appellants.

John Randall Andrada, Esquire, Catherine Wheeler, Andrada & Associates Professional Corporation, Oakland, CA, for Defendants–Appellees.

Before: D.W. NELSON, W. FLETCHER and PAEZ, Circuit Judges.

MEMORANDUM *

David and Melissa Burke appeal the district court's grant of summary judgment with respect to their claims of (1) false imprisonment; (2) false arrest; (3) excessive force; and (4) intentional infliction of emotional distress ("IIED").[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the grant or denial of summary judgment *de novo* " *Leever v. Carson City*, 360 F.3d 1014, 1017 (9th Cir.2004), and we affirm the grant as to all of these claims.

## I. FALSE IMPRISONMENT: MELISSA BURKE

In California, "[t]he elements of a tortious claim of false imprisonment are (1)

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Melissa, together with Clifton Farina, also appeals the district court's grant of summary judgment with respect to their claims under 42 U.S.C. § 1983 against Foster and the County of Alameda. These claims are discussed in an accompanying published opinion.

the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however, brief." *Easton v. Sutter Coast Hosp.*, 80 Cal.App.4th 485, 95 Cal.Rptr.2d 316, 323 (2000).

■ Appellees' contention that Melissa consented to driving to the station because of "her own motherly concern" fails. *See Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 30 Cal.Rptr.2d 18, 872 P.2d 559, 567 (1994) (finding that restraint may be effectuated by threat of arrest). Melissa has failed to raise a triable issue of fact as to whether she was confined, because her "person" was not actually restrained. Under the terms of the threat described by Melissa, she could have sent the insulin to the station with her neighbor or another friend and in doing so, have been free of the threat of arrest.

Accordingly, we AFFIRM the grant of summary judgment as to this claim.

## II. FALSE ARREST: DAVID BURKE

■ Pursuant to the Fourth Amendment, "police officers may not enter a person's home to arrest him without obtaining an arrest warrant." *United States v. Brobst*, 558 F.3d 982, 997 (9th Cir.2009). With respect to warrantless arrests, the Supreme Court has "drawn a firm line at the entrance to the house." *Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980): *see also La-Londe v. County of Riverside*, 204 F.3d 947, 955 (9th Cir.2000). The undisputed facts show that David was voluntarily in his front yard—beyond the entrance to his home—and a warrant was not required. Even assuming there was no valid warrant, the officers had probable cause and the arrest did not run afoul of the Fourth Amendment.

Even if a warrant was required, the typographical error as to the name and date did not create factual dispute for trial because no *rational* trier of fact could return a verdict in David's favor based on this "scintilla" of evidence.

Thus, we also AFFIRM the grant of summary judgment as to this claim.

## III. EXCESSIVE FORCE: DAVID BURKE

A claim against law enforcement officers for excessive force is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The analysis requires evaluating "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396, 109 S.Ct. 1865. This court also considers "whether a warrant was used, . . . whether more than one arrestee or officer was involved, . . . [and] whether other dangerous or exigent circumstances existed at the time of the arrest." *Chew v. Gates*, 27 F.3d 1432, 1440 n. 5 (9th Cir.1994).

In *Robinson v. Solano County*, this circuit held that "pointing a gun to the head of an apparently unarmed suspect during an investigation can be a violation of the Fourth Amendment, especially where the individual poses no particular danger." 278 F.3d 1007, 1015 (9th Cir.2002) (en banc). Taking the facts in the light most favorable to David, David was cooperative, unarmed, and outnumbered two to one. He was charged only with a misdemeanor. Although a jury may well find that the presence of an unleashed pit bull warranted force, we cannot say that no rational trier of fact could conclude that the force used was unreasonable under the circumstances. The District Court therefore

erred when it found that summary judgment was proper with respect to whether or not there was a constitutional violation.

■ Bartholomew, however, is nevertheless entitled to qualified immunity. The facts here are distinguishable from *Robinson* in several significant respects: (1) David was standing next to an unleashed pit bull; (2) Bartholomew was alone or with only one other officer; and (3) David was seized for the purpose of arrest and with a warrant. We have no cases discussing the use of force where an unarmed suspect is standing next to an unleashed and potentially aggressive dog. Because it would not have been obvious to a reasonable officer that the aiming of a gun in those circumstances would constitute excessive force, we AFFIRM the grant of summary judgment as to this claim.

## IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

"The elements of a prima facie case of intentional infliction of emotional distress consist of: (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) suffering of severe or extreme emotional distress by the plaintiff; and (3) the plaintiff's emotional distress is actually and proximately the result of defendant's outrageous conduct." *Myung Chang v. Lederman*, 172 Cal.App.4th 67, 90 Cal.Rptr.3d 758, 774 (2009) (internal quotations and marks omitted).

### A. *David Burke's IIED Claim Against Officer Bartholomew*

■ "Extreme and outrageous conduct is conduct that is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotations, marks, and citations omitted).

Where a plaintiff fails to establish a Fourth Amendment violation, the officer's behavior is generally not outrageous. *See, e.g., Long v. City of Honolulu*, 511 F.3d 901, 908 (9th Cir.2007). Here, although we conclude that, on the facts alleged, David could establish a Fourth Amendment violation, we nonetheless hold that officer Bartholomew is entitled to qualified immunity. In light of this determination and all the surrounding circumstances of David's arrest, we conclude, as a matter of law, that Bartholomew's conduct was not outrageous. We therefore affirm the grant of summary judgment in favor of Bartholomew on David's IIED claim.

### B. *David and Melissa Burke's IIED Claim Against Officer Foster*

■ Melissa's IIED claim against Foster fails because she has presented no evidence of severe emotional distress. David's claim also fails for lack of causation. The symptoms he described were subsequent to the arrest—at no point did he testify that the events surrounding B.F.'s removal caused him emotional distress. Moreover, regardless of fault, Foster is immune from suit pursuant to California Government Code section 821.61. *See Asgari v. City of L.A.*, 15 Cal.4th 744, 63 Cal.Rptr.2d 842, 937 P.2d 273, 280–81 (1997); *Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205, 34 Cal.Rptr.2d 319, 321–23 (1994). We therefore AFFIRM the grant of summary judgment on Melissa and David's IIED claim against Foster.

**AFFIRMED IN PART.**